Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
19L0516
St. Clair County
7/18/2019 3:20 PM
5826705

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
## STATE OF ILLINOIS

| | |
|---|---|
| FREDDIE REYNOLDS, | ) |
| | ) |
| Plaintiff, | )    Cause No. 19L0516 |
| | ) |
| v. | )    Division No. |
| | ) |
| WIESE USA INC., | )    <u>JURY TRIAL DEMANDED</u> |
| Serve: Kevin Vick | ) |
| 12 Wolf Creek Drive Suit 100 | ) |
| Belleville, IL 62226 | ) |
| | ) |
| -and- | ) |
| | ) |
| ROBERT MCGUIRE., | ) |
| Serve: 5895 Lazy Acres Drive | ) |
| House Springs, MO 63051 | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT

| | | |
|---|---|---|
| State of Missouri | ) | |
| | ) | ss. |
| St. Louis County | ) | |

Affiant, Shaun M. Falvey, first being duly sworn, on his oath states:

1. That I am an attorney of record for Plaintiff in the above-captioned cause;

2. Plaintiff is claiming an amount of damages that exceeds $50,000.00.

_____
Shaun M. Falvey

Subscribed and sworn before me this 18th day of July, 2019.

_____
Notary Public

My Commission Expires: July 24, 2020

KATHERINE ELIZABETH SHERER
Notary Public - Notary Seal
State of Missouri, St Charles County
Commission Number 10916214
My Commission Expires Jul 24, 2020

**EXHIBIT**
taobis
1

Page 1 of 1

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
19L0516
St. Clair County
7/18/2019 3:20 PM
5826705

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY
STATE OF ILLINOIS

| | |
|---|---|
| FREDDIE REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) Cause No.19L0516 |
| | ) |
| v. | ) Division No. |
| | ) |
| WIESE USA INC., | ) **JURY TRIAL DEMANDED** |
| **Serve: Kevin Vick** | ) |
| **12 Wolf Creek Drive Suit 100** | ) |
| **Belleville, IL 62226** | ) |
| | ) |
| ·and· | ) |
| | ) |
| ROBERT MCGUIRE., | ) |
| **Serve: 5895 Lazy Acres Drive** | ) |
| **House Springs, MO 63051** | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT · WRONGFUL DEATH

COMES NOW Plaintiff Freddie Reynolds, through undersigned counsel, for her

cause of action pursuant to the Wrongful Death Act, 740 Ill. Comp. Stat. Ann. 180/1 and

740 Ill. Comp. Stat. Ann. 180/2, against Defendants Wiese USA Inc. ("Wiese") and Robert

McGuire ("McGuire"), and states as follows:

1.  On May 2, 2019, this Court appointed Plaintiff Freddie Reynolds's as Special

    Administrator of Decedent Sammie Reynolds's estate.

2.  Plaintiff Freddie Reynolds, as the Special Administrator of Sammie Reynolds's

    estate, brings this action against Defendant Wiese and Defendant McGuire

    pursuant to 740 ILCS 180/1 and 740 Ill. Comp. Stat. Ann. 180/2 for injury to and

    wrongful death of Sammie Reynolds, resulting from the carelessness, negligence,

    recklessness and other breaches of legal duties of the Defendants, individually,

    jointly and severally.

3. Decedent Sammie Reynolds was a resident of the State of Illinois.

4. Defendant McGuire is a resident of the State of Missouri.

5. Defendant Wiese is a foreign corporation in good standing and licensed to do business in the State of Illinois, and with a registered agent for the receipt of service of process in Belleville, State of Illinois.

6. Venue is proper in this Court because the causes of action pleaded herein accrued within the geographical confines of St. Clair County.

## FACTS COMMON TO ALL COUNTS

7. This cause of action arises from the injuries and subsequent death suffered by Decedent Sammie Reynolds from a collision that occurred on Camp Jackson Road which is an open and public roadway located in the City of Cahokia, State of Illinois on December 21, 2018.

8. On December 21, 2018, Defendant McGuire was operating a commercial motor vehicle owned by Defendant Weise when he turned left into the eastbound lanes of Camp Jackson Road at the intersection of Lazarcheff Road and Camp Jackson Road, where he then struck Decedent Sammie Reynolds, a pedestrian.

9. The impact of the collision caused the death of Decedent Sammie Reynolds.

## COUNT I
## NEGLIGENCE
## DEFENDANT ROBERT MCGUIRE

COMES NOW Plaintiff Freddie Reynolds, through counsel, for the first count of her cause of action pursuant to 740 Ill. Comp. Stat. Ann. 180/1 and 740 Ill. Comp. Stat. Ann. 180/2 for Wrongful Death against Defendant McGuire, and states as follows:

10. Plaintiff Freddie Reynolds re-states, re-alleges and incorporates by reference paragraphs 1-9 above as if more fully set forth herein.

11. At the above mentioned time and place, Defendant McGuire had the duty to exercise

the highest degree of care for the safety of other persons upon the roadway,

including Decedent Sammie Reynolds, and failed to exercise the degree of care

necessary to avoid colliding with pedestrians crossing the street.

12. In violation of his duty to exercise the necessary care, Defendant McGuire was

negligent in the following respects:

   a. Defendant McGuire failed to maintain control of his vehicle;

   b. Defendant McGuire failed to stop, slow, slacken his speed, give sufficient
      warning by sounding the horn or swerve to avoid colliding with a pedestrian
      when he knew or should have known there was a danger of a collision;

   c. Defendant McGuire failed to keep a lookout for pedestrians crossing at an
      intersection when he knew or in the exercise of reasonable care should have
      known that pedestrians were crossing;

   d. Defendant McGuire operated his vehicle while distracted;

   e. Defendant McGuire failed to operate his vehicle in a careful and prudent
      manner, and;

   f. Defendant McGuire struck Decedent Sammie Reynolds.

13. As a direct and proximate result of the carelessness and negligence of Defendant

McGuire as aforesaid, Decedent Sammie Reynolds suffered severe injuries resulting

in his pain, suffering, and death.

14. As a direct and proximate result of the death of the death of Decedent Sammie

Reynolds, Plaintiff Freddie Reynolds has been damaged in that she has incurred

funeral and other expenses, and has been permanently deprived of his services,

companionship, comfort, society, counsel and support, all to her great damage.

**WHEREFORE,** Plaintiff Freddie Reynolds, as Special Administrator of Decedent

Sammie Reynold's estate, respectfully prays for judgment against Defendant McGuire in an

amount that is fair and reasonable, in excess of Fifty Thousand Dollars **($50,000)**, plus

costs, interest, attorneys' fees and any other relief the Court deems to be just and
appropriate.

## COUNT II
## NEGLIGENCE *PER SE*
## DEFENDANT ROBERT MCGUIRE

COMES NOW Plaintiff Freddie Reynolds through counsel, for the second count of

her cause of action pursuant to 740 Ill. Comp. Stat. Ann. 180/1 and 740 Comp. Stat. Ann.

180/2 for Wrongful Death against Defendant McGuire, and states as follows:

15. Plaintiff Freddie Reynolds re-states, re-alleges and incorporates by reference

    paragraphs 1-14 above as if more fully set forth herein.

16. The above-described collision was caused by the *per se* negligence of Defendant

    McGuire as follows:

    a. 625 Ill. Comp. Stat. Ann. 5/11-1003.1 states, "Notwithstanding other
       provisions of this Code or the provisions of any local ordinance, every driver
       of a vehicle shall exercise due care to avoid colliding with any pedestrian, or
       any person operating a bicycle or other device propelled by human power and
       shall give warning by sounding the horn when necessary and shall exercise
       proper precaution upon observing any child or any obviously confused,
       incapacitated or intoxicated person."

    b. Decedent Sammie Reynolds was in the class of persons intended to be
       protected by 625 Ill. Comp. Stat. Ann. 5/11-1003.1;

    c. Decedent Sammie Reynolds's injuries and resulting death are of the nature
       that 625 Ill. Comp. Stat. Ann. 5/11-1003.1 was designed to prevent;

    d. Defendant McGuire failed to utilize the use of his horn, thus failing to
       sufficiently warn Decedent Sammie Reynolds prior to the collision, and
       therefore violated 625 Ill. Comp. Stat. Ann. 5/11-1003.1;

    e. Further, 625 Ill. Comp. Stat. Ann. 5/11-306(a)(1) states, "Vehicular traffic
       facing a circular green signal may proceed straight through or turn right or
       left unless a sign at such place prohibits either such turn. Vehicular traffic,
       including vehicles turning right or left, shall yield the right of way to other
       vehicles and to pedestrians lawfully within the intersection or an adjacent
       crosswalk at the time such signal is exhibited."

    f. Additionally, 625 Ill. Comp. Stat. Ann. 5/11-306(a)(3) states, "Unless
       otherwise directed by a pedestrian-control signal, as provided in Section 11-

307, pedestrians facing any green signal, except when the sole green signal is a turn arrow, may proceed across the roadway within any marked or unmarked crosswalk."

g. Decedent Sammie Reynolds was in the class of persons intended to be protected by 625 Ill. Comp. Stat. Ann. 5/11-306(a);

h. Decedent Sammie Reynolds's injuries and resulting death are of the nature that 625 Ill. Comp. Stat. Ann. 5/11-306(a) was designed to prevent;

i. Defendant McGuire failed to yield the right of way of pedestrians lawfully within the intersection at the time a circular green signal was exhibited, and therefore violated 625 Ill. Comp. Stat. Ann. 5/11-306(a).

17. As a direct and proximate result of Defendant McGuire's carelessness and negligence *per se* as detailed above, Decedent suffered injuries that resulted in his death.

18. As a direct and proximate result of the death of the death of Decedent Sammie Reynolds, Plaintiff Freddie Reynolds has been damaged in that she has incurred funeral and other expenses, and has been permanently deprived of his services, companionship, comfort, society, counsel and support, all to her great damage.

**WHEREFORE** Plaintiff Freddie Reynolds, as Special Administrator of Decedent Sammie Reynolds's estate, respectfully prays for judgment against Defendant McGuire in an amount that is fair and reasonable, in excess of Fifty Thousand Dollars **($50,000)**, plus costs, interest, attorneys' fees and any other relief the Court deems to be just and appropriate.

<u>COUNT III</u>
<u>NEGLIGENCE</u>
<u>DEFENDANT WIESE USA INC. – VICARIOUS LIABILITY</u>

COMES NOW Plaintiff Freddie Reynolds through counsel, for the first count of her cause of action pursuant to 740 Ill. Comp. Stat. Ann. 180/1 and 740 Ill. Comp. Stat. Ann. 180/2 for Wrongful Death against Defendant Wiese, and states as follows:

19. Plaintiff Freddie Reynolds re-states, re-alleges and incorporates by reference paragraphs 1-18 above as if more fully set forth herein.

20. At the above mentioned time and place, Defendant Wiese, as the operator of a commercial motor vehicle, by and through its employee, agent, and/or servant Defendant McGuire, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, including Decedent Sammie Reynolds, and failed to exercise the due care necessary to avoid colliding with pedestrians crossing the street.

21. In violation of its duty to exercise the necessary care, Defendant Wiese was negligent in the following respects:

   a. Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to maintain control of its vehicle;

   b. Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to stop, slow, slacken its speed, give sufficient warning by sounding the horn or swerve to avoid colliding with a pedestrian when they knew or should have known there was a danger of a collision;

   c. Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to keep a lookout for pedestrians crossing at an intersection when he knew or in the exercise of reasonable care should have known that pedestrians were crossing;

   d. Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, operated their vehicle while distracted;

   e. Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to operate their vehicle in a careful and prudent manner, and;

   f. Defendant Wiese, by and through its employee, agent and/or servant Robert McGuire, struck Decedent Sammie Reynolds.

22. As a direct and proximate result of the carelessness and negligence of Defendant Wiese, by and through its employee, agent and/or servant Robert McGuire, as

aforesaid, Decedent Sammie Reynolds suffered severe injuries resulting in his pain, suffering, and death.

23. As a direct and proximate result of the death of the death of Decedent Sammie Reynolds, Plaintiff Freddie Reynolds has been damaged in that she has incurred funeral and other expenses, and has been permanently deprived of his services, companionship, comfort, society, counsel and support, all to her great damage.

**WHEREFORE** Plaintiff Freddie Reynolds, as Special Administrator of Decedent Sammie Reynolds's estate, respectfully prays for judgment against Defendant Weise USA Inc. in an amount that is fair and reasonable, in excess of Fifty Thousand Dollars **($50,000)**, plus costs, interest, attorneys' fees and any other relief the Court deems to be just and appropriate.

COUNT IV
NEGLIGENCE *PER SE*
DEFENDANT WIESE USA INC. – VICARIOUS LIABILITY

COMES NOW Plaintiff Freddie Reynolds through counsel, for the second count of her cause of action pursuant to 740 Ill. Comp. Stat. Ann. 180/1 740 Ill. Comp. Stat. Ann. 180/2 for Wrongful Death against Defendant Wiese, and states as follows:

24. Plaintiff Freddie Reynolds re-states, re-alleges and incorporates by reference paragraphs 1-23 above as if more fully set forth herein.

25. The above-described collision was caused by the per se negligence of Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, as follows:

    a. 625 Ill. Comp. Stat. Ann. 5/11-1003.1 states, "Notwithstanding other provisions of this Code or the provisions of any local ordinance, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian, or any person operating a bicycle or other device propelled by human power and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any obviously confused, incapacitated or intoxicated person."

    b.  Decedent Sammie Reynolds was in the class of persons intended to be protected by 625 Ill. Comp. Stat. Ann. 5/11-1003.1;

    c.  Decedent Sammie Reynolds's injuries and resulting death are of the nature that 625 Ill. Comp. Stat. Ann. 5/11-1003.1 was designed to prevent;

    d.  Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to utilize the use of his horn, thus failing to sufficiently warn Decedent Sammie Reynolds prior to the collision, and therefore violated 625 Ill. Comp. Stat. Ann. 5/11-1003.1;

    e.  Further, 625 Ill. Comp. Stat. Ann. 5/11-306(a)(1) states, "Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

    f.  Additionally, 625 Ill. Comp. Stat. Ann. 5/11-306(a)(3) states, "Unless otherwise directed by a pedestrian-control signal, as provided in Section 11-307, pedestrians facing any green signal, except when the sole green signal is a turn arrow, may proceed across the roadway within any marked or unmarked crosswalk."

    g.  Decedent Sammie Reynolds was in the class of persons intended to be protected by 625 Ill. Comp. Stat. Ann. 5/11-306(a);

    h.  Decedent Sammie Reynolds's injuries and resulting death are of the nature that 625 Ill. Comp. Stat. Ann. 5/11-306(a) was designed to prevent;

    i.  Defendant Wiese, by and through its employee, agent and/or servant Defendant McGuire, failed to yield the right of way of pedestrians lawfully within the intersection at the time a circular green signal was exhibited, and therefore violated 625 Ill. Comp. Stat. Ann. 5/11-306(a).

26. As a direct and proximate result of Defendant Wiese's carelessness and negligence

*per se*, by and through its employee, agent and/or servant Defendant McGuire, as

detailed above, Decedent suffered injuries that resulted in his death.

27. As a direct and proximate result of the death of the death of Decedent Sammie

Reynolds, Plaintiff Freddie Reynolds has been damaged in that she has incurred

funeral and other expenses, and has been permanently deprived of his services,

companionship, comfort, society, counsel and support, all to her great damage.

**WHEREFORE** Plaintiff Freddie Reynolds, as Special Administrator of Decedent Sammie Reynolds's estate, respectfully prays for judgment against Defendant Weise USA Inc. in an amount that is fair and reasonable, in excess of Fifty Thousand Dollars **($50,000)**, plus costs, interest, attorneys' fees and any other relief the Court deems to be just and appropriate.

GOLDBLATT + SINGER, P.C.

*/s/ Shaun M. Falvey*
**SHAUN M. FALVEY #55294**
sfalvey@stlinjurylaw.com
**8182 Maryland Ave., Ste. 801**
St. Louis, MO  63105
(314) 231-4100 – Office
(314) 241-4078 – Fax

*ATTORNEYS FOR PLAINTIFF*

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
19L0516
St. Clair County
7/18/2019 3:20 PM
5826705

State of Illinois )
County of St. Clair ) S.S.

**Case Number** 19L0516

**Amount Claimed** > $50,000

Freddie Reynoids

Wiese USA, Inc and
Robert McGuire

VS

**Plaintiff(s)**

**Defendant(s)**

---

Classification Prefix _L_____ Code _01_____ Nature of Action Tort-Money Damages-Auto Code _1____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. Shaun M. Falvey_____ Code _____
Address 8182 Maryland Ave Ste. 801
City Saint Louis. MO_____ Phone 231-4100
Add. Pltf. Atty. _____ Code _____

NAME   Robert McGuire

ADDRESS :   5895 Lazy Acres Drive

**SUMMONS COPY**

To the above named defendant(s). . . . . . :

CITY & STATE  House Springs, MO

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ _____ _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, _____ 20____

Kahalah a. Clay
KAHALAH A CLAY, Circuit Clerk
7/24/2019
Elysia Agne

**Clerk of Court**

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):

By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ .......... $ _____ | |
| Total ...................... $ _____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
19L0516
St. Clair County
7/18/2019 3:20 PM
5826706

State of Illinois ) S.S.
County of St. Clair )

Case Number 19L0516

Amount Claimed _____ > $50,000

Freddie Reynolds

Wiese USA, Inc and
Robert McGuire

VS

Plaintiff(s)                                        Defendant(s)

Classification Prefix _L_____   Code _01_____   Nature of Action Tort-Money Damages-Auto Code _1____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. Shaun M. Falvey _____ Code _____
Address 8182 Maryland Ave Ste. 801
City Saint Louis, MO _____ Phone 231-4100
Add. Pltf. Atty. _____ Code _____

NAME        Wiese USA, Inc. c/o Kevin Vick

ADDRESS :   12 Wolf Creek Drive, Suite 100

**SUMMONS COPY**

To the above named defendant(s). . . . . . :

CITY & STATE  Belleville, IL 62226

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

    This summons may not be served later than 30 days after its date.

WITNESS, _____ 20____

Kahalah A. Clay
KAHALAH A CLAY, Circuit Clerk
7/24/2019
Elysia Agne

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles _____ ..........$_____ | |
| Total ......................$_____ | |
| | |
| Sheriff of _____ County | |

_____, Sheriff of _____County

_____, Deputy

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000521470          DATE: 07-25-2019          TIME: 09:50:03
RECEIVED OF: BROWN AND JAMES                               MEMO: 19I516
    PART. ID: 1103604                                          REYNOLDS/MCGUIRE
BY CLERK: LR
    CHECKS: A   7520              $6.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| | 2021   PMT:CCOPY COPIES | | | $6.00 |
| | | TOTAL RECEIPT... | | $6.00 |

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C    000521628               DATE: 07-26-2019              TIME: 09:42:11
RECEIVED OF: FALVEY SHAUN M                                          MEMO:
PART. ID: 708292                                                        005826705-0
BY CLERK: BJ
CHECKS:

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $314.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 19-L-0516 | 2518   PMT:SCHEDULE 1 | | | $314.00 |
| REYNOLDS VS WIESE USA | | | | |
| PARTY: FALVEY SHAUN M | | | | |

TOTAL RECEIPT...                    $314.00

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000521655
RECEIVED OF: BUNN DEB
   PART. ID: 1103686
BY CLERK: LR
   CHECKS:

DATE: 07-26-2019

TIME: 10:22:52
MEMO: 19L516
      REYNOLDS/WIESE

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $6.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|---|-------|-------------|---------|--------|
| | 2021 | PMT:CCOPY COPIES | | | $6.00 |
| | | | TOTAL RECEIPT... | | $6.00 |

ST. CLAIR COUNTY, ILLINOIS
JAIL MANANGEMENT INFORMATION SYSTEM
As of Friday August 02, 2019 at 11:22 am

Richard Watson
Sheriff

# AFFIDAVIT OF SERVICE

Sheriff's Number: IC1903092

Case Number: 19-L-516

Defendant: WIESE USA INC
Address: 12 WOLF CREEK DRIVE
      SUITE 100
      BELLEVILLE, IL  62226

Filed Date: Unknown

Received Date: 08/02/2019

Plaintiff:

**FILED
ST. CLAIR COUNTY**

AUG 0 7 2019

Kahleh a. Clay
CIRCUIT CLERK

## SUMMONS WAS SERVED

(A) I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

23

___ 1.  PERSONAL SERVICE: By leaving a copy of the summons and complaint with the named defendant personally.

___ 2.  SUBSTITUTE SERVICE: By leaving a copy of the summons and complaint at the defendant"s usual abode with some person of the family, of the age of 13 years and upwards, and informing that person of the contents thereof. Also, a copy of the summons was mailed on the _____ day of _____, 20____, in a sealed envelope with postage prepaid, addressed to the defendant at his or her usual place of abode.

_____ Said Party Refused Name:

_X_ 3.  SERVICE ON: CORPORATION:___ COMPANY: ___ BUSINESS: ___ PARTNERSHIP: ___

By leaving a copy of the summons and complaint (or interrogatories) with the registered agent, authorized person or partner of the defendant.

Writ Served On: __Marianne P. Kley__   Sex: _F_  Race: _W_  Age: _62_

Richard Watson, Sheriff, By: _____, Deputy.   Date of Service _Aug 5, 2019_

## THE NAMED DEFENDANT WAS NOT SERVED

Circle Reason: Moved,  No Contact,  Empty Lot,  Wrong Address, No Such Address, Employer Refusal, Returned By Attorney, Deceased, Building Demolished, No Registered Agent, Other Listed Below.

Other Reason Not Served

| Attempted Service | | |
|---|---|---|
| Date | Time | |
| 8-5-19 | 11:38 | A.M./P.M |
| | __:__ | A.M./P.M |
| | __:__ | A.M./P.M |
| | __:__ | A.M./P.M |
| | __:__ | A.M./P.M |
| | __:__ | A.M./P.M |

___ SERVICE CANNOT BE OBTAINED THIS ____ DAY OF _____ 20___, ___:___ A.M./P.M.

Richard Watson , Sheriff, By: _____, Deputy.

678852

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
) S.S.
County of St. Clair )

Electronically Filed
Kahalah A. Clay
Circuit Clerk
Elysia Agne
19L0516
St. Clair County
7/18/2019 3:20 PM

**Case Number** 19L0516

**Amount Claimed** > $50,000

Freddie Reynolds

Wiese USA, Inc and
Robert McGuire

## VS

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix L  Code 01  Nature of Action Tort-Money Damages-Auto Code 1

### TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. Shaun M. Falvey  Code ____
Address 8182 Maryland Ave Ste. 801
City Saint Louis, MO  Phone 231-4100
Add. Pltf. Atty. ____  Code ____

**NAME** Wiese USA, Inc. c/o Kevin Vick

**ADDRESS** 12 Wolf Creek Drive, Suite 100

### SUMMONS COPY

To the above named defendant(s). . . . . . :

**CITY & STATE** Belleville, IL 62226

☐ **A. You are hereby summoned and required to appear before this court at**

(court location) ____ at ____ M. On ____ 20__
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service
provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, ____ 20__

____
**Clerk of Court**

BY DEPUTY: ____

7/24/2019
Elysia Agne

DATE OF SERVICE: Aug 5 20 19
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

**(a)– (Individual defendants – personal):**
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                             Date of service

_____                             _____

_____                             _____

_____                             _____

_____                             _____

**(b) · (Individual defendants - abode):**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(c) - Corporation defendants):**
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| Wiese USA Inc | Marianne Pinkley | 8-5-19 |
| | | |
| | | |

**(d) · (Other service):**

```
       SHERIFF'S FEES
Service and return _____ $
Miles _____ .......... $
Total ..................... $
_____
Sheriff of _____ County
```

_____ Sheriff of St. Clair County

R.L. C   #363 , Deputy

# GOLDBLATT+SINGER

THE ST. LOUIS INJURY LAW FIRM

July 26, 2019

St. Clair County Sheriff's Department
Attention: Civil Process
707 N. 5th Street
Belleville, IL 62220

**Re:**   **Freddie Reynolds v. Wiese USA, Inc., et al.**
         **Case No. 19-L-0516**

Dear Sir or Madam:

Enclosed please find a draft in the amount of $42.00 for service of the enclosed Complaint
and Summons. I would appreciate it if you would send the executed summons back to my
attention in the enclosed self-addressed, stamped envelope.

Thank you for your kind courtesy in this matter.

Very truly yours,

KATE SHERER
Litigation Paralegal

/kes

Enc.